**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **EMILY ANN RICKLIN,** | § | |
| **Movant** | § | |
| | § | |
| **V.** | § | **A-07-CA–975 LY** |
| | § | **(A-06-CR-162 LY)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Emily Ann Ricklin's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed on November 30, 2007 (Clerk's Crim. Doc. No. 66), and the Government's Response, filed on March 26, 2007 (Clerk's Crim. Doc. No. 71). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## I.   GENERAL BACKGROUND

On August 15, 2006, Movant Emily Ann Ricklin ("Movant") was charged in counts one, four and five of a five-count superseding indictment with: conspiracy to violate 18 U.S.C. § 924(a)(1)(A) by knowingly making false statements and representations with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of licensed firearms dealers, and 18 U.S.C. § 922(g) and 2, aiding and abetting another in the receipt and possession of firearms by a prohibited person (count one); aiding and abetting a person who had been

previously convicted of a crime punishable by imprisonment for a term exceeding one year, in knowingly possessing, in and affecting interstate commerce, a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and 2 (count four);  and aiding and abetting in making a false statement in a Firearm Transaction Record, in violation of 26 U.S.C. § 5861(d) (count five).  Pursuant to a Plea Agreement, Movant pled guilty to count five of the superseding indictment.  On December 18, 2006, the District Court sentenced Movant to 36 months imprisonment, a three-year term of supervised release, a $100 special assessment fee, and ordered Movant to forfeit over 200 firearms.

Although Movant did not file a direct appeal of her conviction and sentence, she has now filed the instant motion, which has been construed as a Motion to Vacate under 28 U.S.C. § 2255, alleging that she was denied the effective assistance of counsel and that her plea of guilty was not voluntarily, freely and knowingly made.

## II.  STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under Section 2255 is extremely limited:  "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional or jurisdictional magnitude, the movant must show that

the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Finally, it should be noted that a defendant may waive his statutory right to appeal his sentence including filing a § 2255 motion, if the waiver is knowing and voluntary. *Untied States v. McKinney*, 406 F.3d 744, 746 (2005).

### III.  DISCUSSION

Movant argues that she was denied the effective assistance of counsel because her attorney: (1) coerced her into pleading guilty; (2) failed to investigate her allegations of innocence regarding the charges against her; (3) failed to investigate her allegation that she failed her urinalysis test due to prescription medications; (4) failed to discuss the presentence investigation report with her prior to sentencing; and (5) failed to discuss the Magistrate Court's Report and Recommendation with her prior to sentencing.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

3

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)). The Court will now address each of Movant's ineffective assistance of counsel claims below.

### 1.    <u>Inducement to plead guilty</u>

Movant first argues that her trial counsel rendered ineffective assistance by inducing her to plead guilty with misrepresentations regarding the sentence she would receive. Specifically, Movant contends that her attorney coerced her into pleading guilty by promising her that she would receive probation or one year or less of confinement if she pled guilty and by threatening her that she would receive a 25 to 30 year sentence if she proceeded to trial. Movant contends that she would not have pled guilty but for her attorney's advice since she claims that she was actually innocent of the charges against her.

In order to show prejudice arising from an attorney's ineffective assistance during the plea negotiations or the plea itself, Movant must show that, absence her counsel's deficiencies, she would have proceeded to trial. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of ineffective assistance during the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial") (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  This is a showing that cannot be met here.  The record in this case clearly establishes that Movant's decision to plead guilty was her own and that it was entirely voluntary.

Movant's attorney, Laird Palmer, has provided the Court with a sworn affidavit denying that he ever made any representations to Movant that she would receive probation or one year or less of confinement if she pled guilty or that she would receive a 25 to 30 year sentence if she proceeded to trial in the case.  Palmer Affidavit at 1, Exhibit B to Government's Response.  Mr. Palmer further swears in his affidavit that at no time did Movant ever maintain her innocence.  *Id.*  In fact, Mr. Palmer attests that Movant freely admitted to him that she purchased the firearms for her husband since he could not purchase them on his own because he was a convicted felon.  *Id.*

Although Movant claims that she was innocent of the charges she pled guilty to, the Factual Basis in this case, which Movant signed and admitted to, contained, in part, the following facts:

> Between December 15, 2005, and continuing thereafter until on or about June 20, 2006, in the Western District of Texas, Ronald Keith Beckett, aided and abetted by Emily Ricklin in connection with the acquisition of firearms from a federally licensed firearms dealer, knowingly made or caused to be made, false statements and representations with respect to information required to be kept in the records of Texas Pawn, a federally licensed firearms dealer, in that on several occasions, Emily Ricklin, did execute Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearm Transaction Records, certifying that she was the actual buyer of the firearms indicated on the Form 4473s, whereas in truth and fact, Emily Ricklin was purchasing the firearms with and for Ronald Keith Beckett, a prohibited person.

> The evidence would show that on December 16, 2005, December 23, 2005, February 13, 2006, February 20, 2006, March 1, 2006, March 14, 2006, and April 17, 2006 Emily Ricklin entered the business address of Texas Pawn, located at 702 W. Commerce, Brady, Texas to purchase firearms that had been selected and place "on hold" by Ronnie Beckett.  On each date of the purchases Emily Ricklin filled out the required ATF Form 4473 to purchase the firearms.

> On the ATF Form 4473, in block 11a, the form asks if the purchaser is the actual buyer of the firearm.  There is a warning stating that "you are not the actual buyer of

the firearm if you are acquiring it on behalf of another individual." On each occasion, Emily Ricklin answered "yes" in block 11a stating that she was the actual buyer.

Factual Basis, at 1-2.  At the Guilty Plea proceeding, the Court verified that Movant understood and

agreed to all of the allegations contained in the Factual Basis.  Movant informed the Court that the

Factual Basis was accurate and that she admitted to all of the allegations contained therein.  Plea Tr.

at 20.

Movant's Plea Agreement is also inconsistent with Movant's allegations in the instant § 2255

proceeding.  For example, the Agreement contains the following provisions:

1.     <u>PLEA of GUILTY</u>: The Defendant, having been advised of her right to plead not guilty and be tried by a jury, agrees to enter a plea of guilty to Count Five of the Superseding Indictment charging her with Aiding and Abetting Making False Statement in Firearms Transaction Record, specifically, the Defendant aided and abetted by Ronald Keith Beckett in connection with the acquisition fo firearms from a federally licensed firearms dealer, knowingly made false statements and representations with respect to information required to be kept in the records of Texas Pawn, a federally licensed firearms dealer, in that on several occasions, Emily Ricklin, did execute Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearm Transaction Records, certifying that she was the actual buyer fo the firearms indicated on the Form 4473s, whereas in truth and fact, Emily Ricklin was purchasing the firearms with and for Ronald Keith Beckett, in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

3.     The United States Attorney for the Western District of Texas has made no agreement with the Defendant or Defendant's counsel concerning any possible sentence.

4.     The Defendant is aware that her sentence has not yet been determined by the Court.

                                    ***

34.     . . . The Defendant fully understands that, by this plea agreement, no promises, representations, or agreements have been made or entered into concerning any other charges; or with any other Untied States attorney or with any state prosecutor concerning other possible offenses or charges.

6

Plea Agreement, at p. 1-2, 14.  During Movant's Guilty Plea proceeding, Movant represented to the Court that she fully understood and discussed the Plea Agreement with her attorney.  Plea Tr. 8.

After Movant pled guilty to count five of the superseding indictment, the Magistrate Judge verified, through a series of questions, that Movant's guilty plea was knowing and voluntary.  In responding to these questions, Movant agreed that she was pleading guilty "freely and voluntarily," that she was pleading guilty because she was "guilty and for no other reason," that she  had not been threatened or forced in any way to plead guilty, and that no one had made any promises, including sentencing promises or predictions, that caused her to plead guilty.  Plea Tr. at 16-17.  The Judge also informed Movant that the maximum penalty for the offense was up to five years in prison, a three year term of supervised release, a fine and an order of forfeiture.  Plea Tr. at 7.  The Magistrate Judge explained that there was no guarantee what her sentence would be and that the District Court had sole discretion to sentence her to any term up to the five year maximum prison term.  Plea Tr. at 8-9.

At her Sentencing Hearing, Movant informed the District Court that she intended to continue with her plea of guilty.  Sentencing Tr. at 4.  Movant informed the District Court that she had sufficient time to review the PSR with her attorney and that she understood that the PSR recommended a total offense level of 22 and a criminal history category of I based on the Advisory Sentencing Guidelines.  *Id.* at 4.  Movant informed the District Court that she understood that the Court could sentence her to any prison term between 41 and 51 months.  *Id.* at 5.  At no point during the sentencing hearing did Movant allege that she was wrongly induced into pleading guilty by her attorney.

Accordingly, Movant's statements in open court are inconsistent with her current allegations that she was fraudulently induced into pleading guilty. Movant's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Movant's sworn statements in open court show that she was not promised any particular sentence but that she, in fact, understood what her sentencing exposure was and the maximum possible punishment she faced. Thus, Movant was fully informed of the consequences of her guilty plea. *See Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir.) ("The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged."), *cert. denied*, 459 U.S. 867 (1982).

While a defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations she made in open court when entering her guilty plea, she must prove (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant has failed to identify any eyewitness to the alleged promise, and thus has failed to prove the third *Cervantes* element necessary to challenge the representations she made in open court at her guilty plea proceeding. (Indeed, her counsel contradicts the statements.) The Court therefore concludes that Movant is prohibited from disavowing the sworn statements made at her guilty plea. Movant's colloquy with the Magistrate Court and District Court expressly contradicts the existence of any promises or agreements not contained in the plea agreement. Accordingly, Movant has failed to demonstrate that her attorney

induced her into pleading guilty in this case and thus Movant has failed to establish that her attorney denied her the effective assistance of counsel with regard to this issue. The Court finds that Movant's guilty plea was knowing and voluntary. Accordingly, the Court rejects any claim by Movant to the contrary.

## 2.   Failure to Investigate Allegations of Innocence

Movant also argues that she was denied the effective assistance of counsel because her attorney failed to investigate her allegations of innocence regarding the charges against her. Specifically, Movant complains that her attorney failed to investigate her allegations that (1) she had purchased the guns for investment purposes for herself, not for Ronnie Beckett; (2) she had a permit to carry a concealed hand gun and that she was "licensed to own and sell firearms;" and (3) that she was a gun collector who had purchased numerous guns from a pawn shop in Brady, Texas.

In contrast to Movant's allegations, Movant's attorney avers that Movant never informed him that she was innocent of the charges against her or that she had a concealed handgun permit or a license to buy or sell firearms. Palmer Aff. at 1-2. Moreover, as detailed above, Movant pled guilty to the above-charges and never informed the Magistrate Court or District Court that she was innocent of the charges. Regardless, Movant's claim that she has a concealed handgun permit and thus was "licensed" is not exculpatory in this case. Movant was charged with, and pled guilty to, knowingly making false statements in Federal Firearms Transaction Records certifying that she was the actual buyer of the firearms when in fact she was purchasing the firearms for Ronald Beckett in violation of 18 U.S.C. § 924(a)(1)(A) and (2). Thus, a concealed hand gun license would not exonerate Movant from these charges. Therefore, any alleged failure of her attorney to investigate these claims would not have changed the outcome of Movant's case. Accordingly, Movant has failed to show

that she was prejudiced by her attorney's alleged failure to investigate her claims of innocence. "Just as counsel is not obligated to advance every available nonfrivolous argument, so counsel is not necessarily ineffective for failing to investigate every conceivable matter inquiry into which could be classified as nonfrivolous." *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993).

### 3.     Failure to Investigate Movant's Failed Drug Test

Movant next argues that she was denied the effective assistance of counsel because her attorney failed to investigate her claim that her positive drug test was a result of prescription asthma medication and not methamphetamine. On November 29, 2006, while out on bond and awaiting sentencing, Movant submitted a positive urine specimen for amphetamines/methamphetamine. Although Movant denied it at first, Movant ultimately admitted to the probation officer that she had used methamphetamine two days earlier. *See* PSR at ¶ 21. As a result of the positive drug test, the Presentence Investigation Report  ("PSR") recommended that Movant should not receive a downward adjustment in her base offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. Movant contends that she informed her attorney that she was taking prescription medications for asthma at the time, but that he failed to demand a new drug test or object to the PSR's recommendation that she should not receive an adjustment under U.S.S.G. § 3E1.1. The Court finds that Movant has failed to demonstrate that her attorney was ineffective or that she was prejudiced by her attorney's performance.

First, the Court notes that Movant's attorney denies that Movant ever informed him that she was taking asthma medication or that she ever suggested that the positive drug test was a result of any prescription medication that she was taking. Palmer Aff. at 3. Movant's attorney also points

out that he did not demand a new drug test or object to the PSR on this basis because Movant had admitted to the probation officer that she used methamphetamine on November 27, 2006. *See* PSR at ¶ 21. Accordingly, there was no credible reason for Mr. Palmer to have demanded a new drug test and he could not have been ineffective for failing to do so.

In addition, Movant cannot demonstrate that she was prejudiced by her attorney's performance. Movant ignores the fact that her attorney did in fact object at sentencing to the PSR's recommendation that Movant's offense level should not be adjusted for acceptance of responsibility. Specifically, Mr. Palmer argued that Movant's failed drug test was not an indication of Movant's intention to return to criminal conduct but was instead a simple relapse from a long-time drug user. *See* Sentencing Tr. at 6-7. Despite these arguments, the District Court overruled Movant's objection to the PSR and concluded that Movant's offense level should not be adjusted under U.S.S.G. § 3E1.1 for acceptance of responsibility. Given the District Court's ruling, it is highly unlikely that the Court would have been persuaded by any argument that the positive drug test was a result of Movant's asthma medication, especially in light of the fact that Movant had already admitted to the probation officer that she used methamphetamine on November 27, 2006. "Counsel cannot be deficient for failing to press a frivolous point" *Sones v. Hargett,* 61 F.3d 410, 415 n. 5 (5th Cir. 1995).

### 4.   Failure to Discuss PSR

Movant next claims that her attorney failed to discuss the PSR with her until the day of her sentencing. Movant contends that there were several corrections and additions that she would have made to the report if she had been given an opportunity to review the report prior to sentencing. The record, however, belies Movant's allegations.

At her sentencing hearing, Movant informed the District Court that she had been given sufficient time to review the PSR with her attorney.  Sentencing Tr. at 4.  Moreover, in contrast to Movant's allegations, her attorney avers that he made a copy of the PSR available to Movant before the sentencing hearing.  He further avers that Movant offered no additions or corrections to the report after she read and reviewed it.  Palmer Aff. at 2.  The Court finds that Movant has failed to demonstrate that Movant was deficient with respect to reviewing the PSR with Movant.

Movant also fails to show that she was prejudiced by her attorney's alleged failure to discuss the PSR with her.  Movant fails to show that, had her attorney shown her the PSR earlier or discussed it in more detail, she would have received a significantly less harsh sentence.  *See Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).  Although Movant contends that she would have made certain objections to the PSR if she had sufficiently reviewed the report, Movant has failed to provide the court with any specifics with regard to those alleged objections.  These conclusory statements are insufficient to satisfy *Strickland's* prejudice prong.  *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 2419 (1993) (mere conclusory statements do not raise a constitutional issue in a habeas case).  Movant has thus failed to establish that she was prejudiced by her attorney's alleged failure to fully review the PSR with her prior to her sentencing.

### 5.    Failure to Discuss R&R

Finally, Movant argues that her attorney was ineffective for failing to discuss the  Magistrate Court's Report and Recommendation with her which recommended that the District Court accept her guilty plea.  Movant claims that if she had seen the Report and Recommendation prior to sentencing, she would have realized that her plea was involuntary and that she would not have agreed

12

to waive her appeal rights. Once again, Movant's statements on the record contradict her current allegations.

As explained in detail above, Movant's plea was clearly knowingly and voluntarily made. Movant was advised that her sentence had yet to be determined by the District Court and that she was waiving her appeal rights with the limited exception that she retained her right to appeal her sentence if it was imposed as a result of ineffective assistance of counsel or prosecutorial misconduct. Rearraignment Tr. at 14-17. Movant informed the Magistrate Court that she understood all of this and that she was pleading guilty freely and voluntarily. Tr. at 16-17.

At her sentencing hearing, the District Court asked Movant if she had plead guilty before United States Magistrate Judge Robert Pitman and if it was still her intention tp continue with her plea of guilty as previously entered. Sentencing Tr.at 3. Movant informed the District Court that she had in fact pled guilty and that it was her intent to continue with her guilty plea. Sentencing Tr. at 3-4. Accordingly, the District Court proceeded to sentence Movant. Movant has failed to point to anything in the Report and Recommendation that had not already been disclosed and agreed to by Movant. Accordingly, Movant has failed to demonstrate that she was prejudiced by her attorney's alleged failure to discuss the Report and Recommendation with her prior to sentencing.

Based upon the foregoing, Movant has failed to demonstrate that she was denied the effective assistance of counsel or that her guilty plea was not knowingly and voluntarily made.

## IV. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that Emily Ann Ricklin's Motion to Vacate, Set Aside, or Correct her Sentence, pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 66) be DENIED.

## V. WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of April, 2008.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE